UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL HELTON, | Case No. 17-cv-01135-EMC |
| Plaintiff, | |
| v. | **ORDER RE SUPPLEMENTAL BRIEFING** |
| PEPSI-COLA SALES AND DISTRIBUTION, INC., et al., | Docket No. 38 |
| Defendants. | |

The Court has reviewed the motion for preliminary approval and hereby orders that the parties submit a joint supplemental brief, within one week of the date of this order, on the following.

A. <u>Class Definition</u>

In the SAC, the main class that Mr. Helton sought to certify was as follows:

> All persons who are employed or have been employed by Defendants in the State of California as hourly, Non-Exempt truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations.

SAC ¶ 57.

The settlement class is defined somewhat differently, namely, "all Drivers – which is inclusive of Bulk Drivers, Delivery Bay Drivers, Drivers, Delivery Drivers, Delivery Driver Trainees, Relief Drivers, GEOBox Drivers, FSV Drivers, and Transport Drivers – employed by New Bern in California at any point between January 25, 2013, and the date the Court issues an order preliminarily approving the settlement." *See* Sett. Agmt. ¶ IX(2).

Mr. Helton acknowledges at least one difference in the class definitions, stating that the settlement class definition "is more specific than the language used to refer to drivers [in] the SAC, lending more clarity to the particular individuals included within the Class." Mot. at 5. However, Mr. Helton does not address another difference, *i.e.*, the SAC class definition refers to employees to all three defendants while the settlement class definition refers to employees of New Bern only.

The parties shall address this difference in their joint supplemental brief. For example, are any drivers actually employed by the two Pepsi defendants, or is New Bern the only employer of drivers and the two Pepsi defendants are simply affiliated companies? What is the exact relationship among the three defendant companies? The Court notes that the releases in the settlement agreement apply to all three defendants.

B. <u>Litigation Risks</u>

The motion discusses litigation risks associated with each of the asserted claims. The Court orders the parties to address the following issues related to the litigation risks.

1. According to New Bern, there are penalties if employees do not comply with the written policies on rest and meal breaks. *See* Mot. at 23. The parties shall explain what those penalties are.

2. New Bern indicates that, if the case were litigated, it would argue that it is exempt from the rest and meal period requirements based on California Labor Code §§ 514 and 512. The parties shall explain what evidence there is to suggest that those exemptions apply.

3. The parties refer to a litigation risk on the FLSA overtime claim. *See* Mot. at 27 (taking note of New Bern's argument that "the Drivers haul products in an unbroken chain of interstate commerce – the product is briefly stored at warehouses before being delivered to the customer that ordered the product" and so "Drivers would be exempt from overtime under the FLSA"). The parties shall provide further briefing on this alleged risk.

4. Claim (4) asserts a knowing and intentional failure to comply with itemized wage statement provisions in the California Labor Code and related law. *See, e.g.*, Cal. Lab. Code § 226(a). Section 226(a) provides that a wage statement must "show[] . . . total hours worked by the

2

employee." Cal. Lab. Code § 226(a).  It is not clear from the brief how exactly New Bern has allegedly violated § 226(a).  Mr. Helton has not provided, *e.g.*, a wage statement for the Court to evaluate.  The parties shall address the theory of liability as well as clarify what litigation risks are attendant to the claim.

C.   Request for Exclusion

In ¶ IX(12)(f)(2) of the settlement agreement, the parties require an individual who wishes to exclude herself to state "in substance" that she (1) has read the class notice, (2) wishes to opt out of the settlement, and (3) understands that, by opting out, she is not bound by the judgment and is not entitled to any payment from the settlement.  Sett. Agmt. ¶ IX(12)(f)(2).  The parties shall address why (3) is necessary (*i.e.*, why (1) and (2) are not sufficient).

D.   Defendants' Option to Terminate

The settlement agreement allows Defendants to opt out if the "requests for exclusion total in number more than the number specified in a separate Supplemental Agreement between the Parties."  Sett. Agmt. ¶ IX(12)(h).  The parties shall lodge (not file) under seal a copy of the Supplemental Agreement with the Court.

E.   Deductions from Individual Payments

Under the settlement agreement, the State Law Awards and Federal Law Awards "will be reduced by any legally-required employee and/or employer-owed state and federal withholding taxes or other applicable payroll deductions."  Sett. Agmt. ¶ IX(7)(b)(vi).  The parties shall address what is the amount of the average deduction that will be taken.

F.   Time to Cash Check

The settlement agreement provides that checks are valid and negotiable for 120 days.  *See* Sett. Agmt. ¶ IX(12)(e).  The parties shall address whether that time period should be extended to 180 days.

G.   Cy Pres

Under the settlement agreement, the cy pres designation shall be made pursuant to the provisions of California Code of Civil Procedure section 384.  *See, e.g.*, Sett. Agmt. ¶ IX(9)(e) (addressing cy pres payments made pursuant to § 384).  Consistent with § 384, the settlement

3

agreement provides that

> *cy pres* payments contemplated by this settlement shall be allocated as follows: twenty-five percent (25%) to the State Treasury for deposit in the Trial Court Improvement and Modernization Fund; twenty-five percent (25%) to the State Treasury for deposit into the Equal Access Fund of the Judicial Branch; and fifty percent (50%) to the United Way, a non-profit organization that supports projects that benefit employees and applicants throughout the State of California, including, for example, the Bay Area Matchbridge Program, that provides training, support, and guidance for job-seekers entering the workforce in the Bay Area.

Sett. Agmt. ¶ IX(9)(e).

The parties shall address why § 384 should govern when this case is being litigated in federal, and not sate, court. In addition, the parties shall address whether United Way is an appropriate cy pres beneficiary under Ninth Circuit case law. *See Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2012) (noting that "[n]ot just any worthy recipient can qualify as an appropriate *cy pres* beneficiary" and that there must be "'a driving nexus between the plaintiff class and the *cy pres* beneficiaries'"; "[a] *cy pres* award must be 'guided by (1) the objectives of the underlying statute(s) and (2) the interests of the silent class members' and must not benefit a group 'too remote from the plaintiff class'"); *see also Nachshin v. AOL, Ltd. Liab. Co.*, 663 F.3d 1034, 1036 (9th Cir. 2011) (stating that "[t]he *cy pres* doctrine allows a court to distribute unclaimed or non-distributable portions of a class action settlement fund to the 'next best' class of beneficiaries").

H. <u>Incentive Award</u>

Under the settlement agreement, Mr. Helton may be awarded an incentive fee not to exceed $7,500. Mr. Helton shall address how much time he personally has spent on the litigation of this case. He shall also clarify whether he is a current or former employee of any defendant.

I. <u>Attorney's Fees</u>

The settlement agreement provides that class counsel may be awarded up to 25% of the gross settlement fund. Although the Court is not requiring Mr. Helton to file a fee motion at this juncture, it does need more information from Mr. Helton regarding the fee request. In particular, Mr. Helton shall provide information about the lodestar in this case – *e.g.*, the hourly rates, the total number of hours, and an estimate as to how much time was spent on each major litigation

4

task (*e.g.*, investigating and preparing the complaint, preparing for and attending each of the three mediations).

J. <u>Proposed Timeline</u>

The parties indicate that the fee motion will be filed just seven days before a class member is required to respond to the class notice. *See* Docket No. 38-3, at ii (proposed timeline). This is not a sufficient amount of time for the class to evaluate the fee request. The Court requires that the fee motion be filed twenty-one days before a class member is required to respond. Also, the fee motion shall be posted on the settlement website on the same day.

The settlement agreement provides that a supplemental declaration from the claim administrator shall be filed ten days before the final approval hearing. *See* Sett. Agmt. ¶ IX(12)(d)(2). The Court requires that the supplemental declaration be filed fourteen days before the hearing, not ten.

K. <u>Class Notice</u>

The following changes should be made to the class notice.

1. Page 1. The first paragraph in the notice (in bold) shall include (in bold) a statement as the expected average payout per class member.

2. Page 3, § IV. In the second paragraph of § IV, the parties shall specify the dollar amounts of the deductions that will be made from the gross settlement fund to reach the net settlement fund (which will be distributed to the class).

3. Page 4, § V.A. In the chart, the "OBJECT" option should clarify that an individual who objects will still automatically get a State Law Award (if the settlement is approved) but will not get a Federal Law Award unless she submits a claim (*i.e.*, an individual should submit both an objection and a claim if she wishes to get payment from the Federal Law Fund).

4. Page 5, § V.D. As noted above, the parties shall address whether checks should be negotiable for 180 days, instead of 120.

5. Page 5, § VII. For § VII, the parties shall insert a prefatory paragraph addressing the fact that there are two kinds of releases (with only the second being applicable only if the individual submits a claim for a payment from the Federal Law Fund).

5

6. Pages 7-8, § VIII. As noted above, the parties shall address why an individual must state, in her request for exclusion, her understanding that, by opting out, she is not bound by the judgment and is not entitled to any payment from the settlement. Sett. Agmt. ¶ IX(12)(f)(2).

7. Page 8, § IX. The parties shall reiterate that an individual who objects will still automatically get a State Law Award (if the settlement is approved) but will not get a Federal Law Award unless she submits a claim (*i.e.*, an individual should submit both an objection and a claim if she wishes to get payment from the Federal Law Fund).

L.  Claim Form

The Claim Form should reiterate that an individual who does not exclude herself shall automatically get a State Law Award but that, to get a Federal Law Award, she must complete and submit the Claim Form.

**IT IS SO ORDERED**.

Dated: June 28, 2018

EDWARD M. CHEN
United States District Judge