1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

9

10 | NATHANIEL HELTON, on behalf of himself and all others similarly situated, and on behalf of the general public,

11

12

Plaintiff,

13

14 | v.

15 | PEPSI-COLA SALES AND DISTRIBUTION, INC.; NEW BERN TRANSPORT CORPORATION; PEPSICO, INC.; and DOES 1 through 100, inclusive,

16

17

18 | Defendants.

Case No. 3:17-cv-01135-EMC

[*Assigned to the Honorable Edward M. Chen*]

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

**Date:   March 21, 2019**
**Time:  1:30 p.m.**
**Judge: Edward M. Chen**
**Ctrm.: 5**

19

20

21

22 | Action Filed:        January 25, 2017
FAC Filed:           December 12, 2017

23 | SAC Filed:           June 6, 2018
Action Removed:  March 6, 2017

24 | Trial Date:           Not set

25

26

27

28

1

1   This matter having come before the Court for hearing pursuant to the Order

2   of this Court dated March 21, 2019, for final approval of the settlement set forth in

3   the Stipulation and Settlement Agreement of Class Action Claims ("Stipulation"

4   or "Settlement"), and due and adequate notice having been given to the Plaintiffs

5   as required in said Order, and the Court having considered all papers filed and

6   proceedings had herein and otherwise being fully informed of the premises and

7   good cause appearing therefor, it is

8

9   ORDERED, ADJUDGED AND DECREED THAT:

10   1.    All terms used herein shall have the same meaning as defined in the

11   Stipulation.

12

13   2.    This Court has jurisdiction over the subject matter of this litigation

14   and over all Parties to this litigation, including all Plaintiffs.

15

16   3.    Distribution of the Notice directed to the Plaintiffs as set forth in the

17   Stipulation and the other matters set forth therein has been completed in

18   conformity with the Preliminary Approval Order, including individual notice to all

19   Plaintiffs who could be identified through reasonable effort, and was the best

20   notice practicable under the circumstances.  This Notice provided due and

21   adequate notice of the proceedings and of the matters set forth therein, including

22   the proposed settlement set forth in the Stipulation, to all persons entitled to such

23   Notice, and the Notice fully satisfied the requirements of due process.  No

24   Plaintiffs objected to the Settlement.  Two Plaintiffs opted out of the Settlement.

25

26   4.    CAFA notice has been properly provided pursuant to 28 U.S.C. §

27   1715.

28

[PROPOSED] ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT; FINAL JUDGMENT
AND ORDER OF DISMISSAL WITH PREJUDICE                    Case No. 3:17-cv-01135-EMC

5.     This Court hereby approves the settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, adequate and reasonable and directs the Parties to effectuate the Settlement according to its terms.  The Court finds that the Settlement has been reached as a result of intensive, serious and non-collusive arms-length negotiations.  The Court further finds that the Parties have conducted extensive and costly investigation and research and counsel for the Parties are able to reasonably evaluate their respective positions.  The Court also finds that settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of these Actions.  The Court has reviewed the monetary recovery that is being granted as part of the Settlement and recognizes the significant value to the Class of that monetary recovery. The Court finds that the Class is properly certified as a class for settlement purposes only.

6.     For purposes of this Judgment, the term "Class" means "All Drivers – including those employed under the title of Bulk Drivers, Delivery Bay Drivers, Drivers, Delivery Drivers, Delivery Driver Trainees, Relief Drivers, GEOBox Drivers, FSV Drivers, and Transport Drivers (collectively referred to herein as Drivers) - employed by Defendant New Bern in the State of California during the Class Period."

The Court further finds, for settlement purposes only, that conditional certification of the Action as a collective action under section 216(b) of the Fair Labor Standards Act ("FLSA") is appropriate.

7.     The term "Class Member" means a Plaintiff who has not requested exclusion from the Settlement. The term "Settlement Class Member" means a

[PROPOSED] ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT; FINAL JUDGMENT
AND ORDER OF DISMISSAL WITH PREJUDICE                    Case No. 3:17-cv-01135-EMC

1  Class Member who has returned a valid and timely Claim Form/FLSA Consent
2  Form pursuant to the Stipulation.

3

4      8.      As of the Effective Date, each and every Released State Law Claim –
5  as set forth in the Stipulation and Settlement Agreement at Sections IX(4)(1)-(3) –
6  of each and every Class Member is and shall be deemed to be conclusively
7  released as against the Released Parties.  All Class Members as of the Effective
8  Date are hereby forever barred and enjoined from prosecuting the Released State
9  Law Claims against the Released Parties.  In addition, as of the Effective Date,
10  each and every Released Federal Law Claim – as set forth in the Stipulation and
11  Settlement Agreement at Sections IX(b)(1)-(2) – of each and every Settlement
12  Class Member is and shall be deemed to be conclusively released as against the
13  Released Parties.  All Settlement Class Members as of the Effective Date are
14  hereby forever barred and enjoined from prosecuting Released Federal Law Claims
15  against the Released Parties.  In other words, all Plaintiffs who did not request
16  exclusion from the Settlement have become Class Members, and have released the
17  Released State Law Claims, but only those who returned a valid and timely Claim
18  Form/FLSA Consent Form have become Settlement Class Members, and have
19  released the Released Federal Law Claims.

20

21      9.      The Stipulation and Settlement are not an admission by Defendants or
22  any of the other Released Parties, nor is this Judgment a finding, of the validity of
23  any claims in the Action or of any wrongdoing by Defendants or any of the other
24  Released Parties.  Neither this Judgment, the Stipulation, nor any document
25  referred to herein, nor any action taken to carry out the Stipulation is, may be
26  construed as, or may be used as an admission by or against Defendants or any of
27  the other Released Parties of any fault, wrongdoing or liability whatsoever.  The
28

entering into or carrying out of the Stipulation, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendants or any of the other Released Parties and shall not be offered in evidence in any action or proceeding against Defendants or any of the Released Parties in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Judgment, the Stipulation, or any related agreement or release.  Notwithstanding these restrictions, any of the Released Parties may file in the Action or in any other proceeding the Judgment, Stipulation, or any other papers and records on file in the Action as evidence of the Settlement to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Released State or Federal Law Claims.

10.    The Court hereby dismisses the Action on the merits and with prejudice against the Named Plaintiff and all Class Members and Settlement Class Members in favor of Defendants and without costs or attorneys' fees to any of the Parties as against any other settling party, except as provided for in the Stipulation. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and all orders and judgments entered in connection therewith.

11.    The Court hereby awards Class Counsel attorneys' fees ("Fees Award") in the amount of $1,250,000.00 and costs ("Costs Award") in the amount of $42,716.30.  Class Counsel shall not be entitled to any other award of attorneys' fees or costs in any way connected with this Action.  The Court also hereby approves a Service Award/General Release Payment to the Named Plaintiff in the

amount of $7,500.00.  The Court approves payment to the LWDA in the amount of $75,000.00.  The Court also approves the payment of claims administration expenses in the amount of $25,000.00.  Any separate appeal from the portion of this Judgment as to the Fees Award shall not operate to terminate or cancel the Stipulation or otherwise affect the finality of this Judgment.

12.    After administration of the Settlement has been completed in accordance with the Stipulation and all amounts calculated, and in no event later than one hundred and eighty (180) days after the Effective Date, Defendants shall file a report with this Court setting forth the total of the Gross Settlement Amounts for the Settlement Class Members and certifying compliance with the terms of the Settlement.

13.    The Court finds that the Stipulation is in good faith and constitutes a fair, reasonable and adequate compromise of the Released State Law Claims and Released Federal Law Claims against Defendants.

14.    If the Settlement does not become final and effective in accordance with the terms of the Stipulation, resulting in the return and/or retention of the Settlement Fund to Defendants consistent with the terms of the Settlement, then this Judgment and all orders entered in connection herewith shall be rendered null and void and shall be vacated.

Date: March 27, 2019

_____
HON. EDWARD M. CHEN
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

[PROPOSED] ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT; FINAL JUDGMENT
AND ORDER OF DISMISSAL WITH PREJUDICE                    Case No. 3:17-cv-01135-EMC